UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FONTRISE CHARLES,

        Petitioner,

                                            File No. 1:13-MC-46

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA

        Respondent.
_____/

## ORDER REMANDING CASE TO MAGISTRATE TO CONSIDER ISSUES OF FIRST IMPRESSION

On June 28, 2013, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner's motion to quash an administrative summons be denied. (Dkt. No. 9, R&R.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 10, Obj.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id*.

The current summons before this Court seeks access to Petitioner's bank records at

PNC Bank in Grand Rapids, Michigan. (R&R 1.) Petitioner objects to the issuance of two "no notice" summonses used to identify Petitioner as the owner of two bank accounts at PNC. (Obj. 3.) Specifically, Petitioner contends that the "no notice" summonses were improper because they were not issued upon a "numbered account." Petitioner argues that the improper issuance of "no notice" summonses tainted the IRS's *prima facie* case for enforcement of the now contested summons because the IRS failed to follow all required administrative steps.

The issuance of a "no notice" summons is proper if the summons is "issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A)." 26 U.S.C. § 7609(c)(3)(C). In support of her argument, Petitioner provides the following definition of a "numbered account":

> "An account is a numbered account or similar arrangement within the meaning of this paragraph if it is an account through which a person may authorize transactions solely through the use of a number, symbol, code name, or other device not involving the disclosure of the person's identity. The term person having a numbered account or similar arrangement includes the person who opened the account and any person authorized to access the account or to receive records or statements concerning it."

Treas. Reg. § 301.7609-2(b)(3). Petitioner argues that the domestic bank account held at PNC is clearly not a numbered account within the meaning of the statute and that the "no notice" summonses issued pursuant to 26 U.S.C. § 7609(c)(3)(C) were improper as a result. (Obj. 5.) Petitioner asserts that proper administrative procedure requires that alternative methods be

2

used to obtain an account holder's identity. (*Id*. at 6-7.) Petitioner concludes that the IRS's shortcut to obtain her identity effectively taints their subsequent summons seeking bank account information.

Petitioner's objection presents two issues of first impression that were not argued before the Magistrate Judge. (R&R 8.) This Court notes that the Magistrate, given his prior involvement with this case, is best positioned to make a determination on the new issues raised. This Court will remand this case to the Magistrate and ask that he rule on two issues pertaining to Petitioner's objection: (1) were the two "no notice" summonses appropriately issued upon a "numbered account" within the meaning of 26. U.S.C. § 7609(c)(3)(C); and (2) if the summonses were improper, does their issuance and use of the information obtained provide sufficient grounds to quash the present motion before this Court? If necessary, the Magistrate Judge may require responsive briefing from the IRS on these issues.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Magistrate Judge for further proceedings in accordance with this order.


Date:  July 26, 2013                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE