UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FONTRISE CHARLES,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
                                      /

File No. 1:13-MC-46

HON. ROBERT HOLMES BELL

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 22, 2013, United States Magistrate Judge Joseph G. Scoville issued a second report and recommendation ("R&R") recommending that Petitioner Fontrise Charles's petition to quash IRS summons (Dkt. No. 1) be denied. (Dkt. No. 15, R&R.) Petitioner filed a motion for reconsideration on August 22, 2013, and objections to the R&R on August 30, 2013. (Dkt. Nos. 16, 17.) The government has filed a response in opposition to Petitioner's objections. (Dkt. No. 18.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The second R&R recommends denying Petitioner's motion to quash because,

although the two no-notice summonses were improperly issued, they do not provide grounds to quash the IRS summons that is the subject of Petitioner's motion to quash. (R&R at 1.) In support of this recommendation the Magistrate Judge noted that suppression of evidence as fruit of the poisonous tree is a remedy only for constitutional violations, that retrieval of bank records implicated no Fourth Amendment privacy interest of Petitioner, and that a violation of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422, does not authorize a court to suppress or exclude evidence. (R&R at 5-7.)

Petitioner objects to the R&R because she contends that she is moving to quash the summons not as "fruit of the poisonous tree," but because enforcement of the summons would be an abuse of the Court's process. (Dkt. No. 17, Obj. 2.) Petitioner relies on language in *United States v. Powell*, 379 U.S. 48 (1964), that "[i]t is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused." *Id.* at 58. Petitioner contends that the no-notice summonses were "part of a scheme by the IRS to avoid seeking judicial preapproval for the issuance of a John Doe summons under 26 USC 7609(f)," (Obj. at 3), and that by enforcing the summons, the Court would be giving approval of the IRS's use of its illegal no-notice summons to get around the judicial preapproval requirement for a John Doe summons (*id.* at 7).

Petitioner's objections do not clearly distinguish between the April 14 and April 18 no-notice summonses and the May 14, 2013, summons that Petitioner is challenging in the present case. Petitioner has not suggested that the May 14 summons was issued for an

improper purpose or that it otherwise violated the Internal Revenue Code or the standards articulated in *United States v. Powell*, 379 U.S. 48 (1964). Petitioner is only arguing that the April no-notice summonses were improper. The Magistrate Judge determined that the impropriety of the April no-notice summonses does not prevent the Court from enforcing the May 14 administrative summons. This Court agrees with the Magistrate Judge's analysis and conclusion. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of the R&R (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's objections to the R&R (Dkt. No. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 22, 2013, second R&R (Dkt. No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition to quash the May 14, 2013 summons (Dkt. No. 1) is **DENIED**.


Dated: October 24, 2013                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE